UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                       CASE NO. 21-377 (BAH)

ANTHONY WILLIAMS,

        Defendant.
_____/

**REPLY REGARDING RENEWED
MOTION FOR BOND PENDING APPEAL**

    As the government observes in its opposition to Anthony Williams's motion for release pending appeal, Williams now has two substantial questions for appeal. The first is the validity of his only felony conviction in this case—his conviction under 18 U.S.C. § 1512(c)—in light of the Supreme Court's grant of *certiorari* in *United States v. Fischer,* No. 23-5572, 2023 WL 860578 (Dec. 13, 2023). The second is whether he will be entitled to resentencing in light of *United States v. Brock*, No. 23-3045, 2024 WL 875795 (D.C. Cir. Mar. 1, 2024), "which held that the term 'administration of justice,' as used in U.S.S.G. § 2J1.2, does not apply to Congress's certification of electoral college votes." (ECF 143, Gov. Resp., Page 3.)

1

Despite these substantial questions, the government opposes bond on three bases (1) that Williams fails to show that he is not a danger to the community on bond, (2) that Williams poses a flight risk, and (3) that, even if Williams prevails on the substantial questions above, it is not likely to result in a reduced sentence. These arguments are not persuasive.

First, this Court can fashion conditions of supervision that can reasonably assure Williams will not endanger the public. The government cites the upcoming election and points to *United States v. Rubenacker*, 21-cr-193 (BAH), ECF No. 95 (D.D.C. Mar. 4, 2024). But Rubenacker is significantly different from Williams. In contrast to Williams, Rubenacker was convicted of seven misdemeanor offenses and three felonies, including assaulting, resisting, or impeding certain officers. Moreover, a week before his scheduled self-surrender, Rubenacker was detained after he exhibited troubling behavior by cursing his therapist and the government via text messages, threatening to rip off his ankle monitor, threatening his pretrial officer, and becoming extremely argumentative during a traffic stop. *Id.* at 7-8. He also espoused sovereign citizen beliefs after being detained. *Id.* at 8.

In contrast, after complying with all terms of pretrial release through trial and sentencing, Williams self-surrendered to prison without incident. He maintains close contact with undersigned counsel and his mother, with whom he lived during pretrial

2

supervision and will return to live with if released with conditions of supervision. The government did not object to self-surrender, and the government acknowledges that Williams "was on release pretrial and prior to his self-surrender without any violation of his bond conditions." (ECF 143, Gov. Resp., Page 7.) This Court should find that Williams will not be a danger if released on conditions of supervision pending appeal.

As to flight risk, the government points to Williams "contacts abroad" because of his request to visit his then-girlfriend's family in Jamaica during pretrial supervision. (ECF No. 143, Gov. Resp., Page 7.) Williams is no longer in that relationship, so he has no intentions of traveling outside of Michigan if released; but regardless, his compliance with this Court's order denying his request only underscores why he is not a flight risk: When looking at potential overseas travel, he rightly asked for permission, and he accepted "no" as the answer. Further, if this Court is concerned about flight risk, there are options less restrictive than incarceration, such as placing Williams on a location-monitoring tether.

Third, the substantial questions in Williams's appeal are likely to lead to a reduced sentence if successful. First, if the § 1512(c) conviction is vacated, then Williams faces sentencing on only the misdemeanors in this case, like the defendants in *United States v. Bledsoe,* No. CR 21-204 (BAH), 2024 WL 341159 (D.D.C. Jan.

30, 2024), and *United States v. Bender,* No. CR 21-508 (BAH), 2024 WL 960999 (D.D.C. Mar. 6, 2024). In each of those cases, as the government acknowledges, this Court rejected the argument that release is inappropriate because of the possibility of imposing consecutive sentences on the remaining misdemeanors. This Court explained that, although possible, imposing consecutive sentences on the misdemeanors "would be a departure from both default practice under federal law, and the position advanced by the government and adopted by this Court at defendant's sentencing in the instant case, where the government did not seek consecutive terms of imprisonment, resulting in an order to concurrent terms of imprisonment on all Counts." *Bender*, 2024 WL 960999, at *5 (internal citations omitted); *accord Bledsoe,* 2024 WL 341159, at *5. The same is true here as well.

The government also acknowledges that, in light of *Brock*, the sentencing enhancements at U.S.S.G. § 2J1.2(b)(2) and by extension § 2J1.2(b)(1)(B) would not apply. (R. 143, Gov. Resp., at 10.) Without those enhancements, Williams's offense level would drop by 11 points, to a total offense level of 14. Even without a zero-point offender reduction, the range would be 15 to 21 months, and with that reduction, the range would be 10 to 16 months.

Right now, Williams has served just over 17 months in prison, which is the equivalent of a sentence of approximately 20 months with good time credits taken

4

into account. Williams also has received additional time off through the "earned time credit" program established under the First Step Act. That program allows prisoners to further reduce their sentences by participating in "recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). Because he has participated in recidivism reduction programming or productive activities, Williams has earned approximately six months off in addition to his good time credit. Thus, with earned time credit and good time combined, Williams has reduced his sentence by 15 months (he surrendered October 18, 2022, and his release date is July 20, 2026, representing 45 months of expected prison time based on this Court's 60-month sentence).

Applying those same credits, Williams has served the equivalent of a 26-month prison sentence already. And by the time *Fischer* is decided, he will have served close to a sentence of 30 months. Thus, a reversal in *Fischer* is likely to result in "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv).

## CONCLUSION

Because conditions can be set to reasonably assure that Williams will not endanger the community or flee, and substantial questions exist that are likely to result in a reduced sentence to a term of imprisonment less than the total time already served plus the expected duration of the appeal process, release pending appeal under 18 U.S.C. § 3143(b)(1) is proper in this case.

    Respectfully submitted,

    s/ Benton C. Martin
    Counsel for Anthony Williams
    Federal Community Defender
    613 Abbott Street, Suite 500
    Detroit, Michigan 48226
    Email: Benton_Martin@fd.org
    Phone: 313.967.5832

Date: March 20, 2024

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                CASE NO.: 21-377 (BAH)

ANTHONY WILLIAMS,

        Defendant.
_____/

## CERTIFICATE OF SERVICE

    I, hereby certify that on March 20, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                        **FEDERAL COMMUNITY DEFENDER**

                                        s/Jennifer Mellas
                                        Paralegal
                                        Federal Community Defender
                                        613 Abbott Street, Suite 500
                                        Detroit, MI 48226
                                        Phone: 313-967-5859
                                        E-mail: Jennifer_Mellas@fd.org

Dated:  March 20, 2024