UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-377 (BAH) |
| | : | |
| ANTHONY WILLIAMS, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE TO MINUTE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in response to the Court's Minute Order of September 26, 2024. Specifically, the Court inquired as to three separate issues: (1) whether the mandate in this case permits resentencing on the non-vacated counts; (2) whether de novo resentencing would exceed the scope of the mandate and how the Court should address such a circumstance; and (3) whether, if resentencing does not exceed the scope of the mandate, why additional written material or reports would be necessary or warranted.

The government's response to each question is laid out below. We note, however, that the government is considering pursuing an additional charge in this case – specifically a violation of 18 U.S.C. § 231 – arising from the Defendant's conduct on January 6, 2021, and has notified defense counsel of that fact in advance of this report. The government anticipates that it will make a final charging decision in the next month and would request that the Court defer scheduling any resentencing hearing until the government has either charged the Defendant or notified the defense that it will not be pursuing any additional charges. We now respond in kind:

*First*, the mandate from the D.C. Circuit in this case has directed "that appellant's conviction under 18 U.S.C. § 1512(c)(2) be vacated and the case be remanded for further proceedings." *United States v. Williams*, No. 22-3067 (D.C. Cir. Sept. 12, 2024). As this Court has

noted, the mandate does not explicitly direct this Court to resentence Williams. But this Court retains discretion to resentence Stedman consistent with the D.C. Circuit's mandate. Indeed, the broad language in the D.C. Circuit's mandate contemplates that a district judge will determine whether a resentencing is necessary in light of the sentence imposed in that particular case. "[W]hen th[e] [Circuit] vacates one count of a multi-count conviction, the district court on remand should begin by determining whether that count affected the overall sentence and, if so, should reconsider the original sentence it imposed." *United States v. Blackson*, 709 F.3d 36, 40 (D.C. Cir. 2013). "[I]n the absence of more specific remand instructions, the general rules for resentencing set forth in *[United States v.] Lyons*, [706 F.2d 321 (D.C. Cir. 1983)], *[United States v.] Whren*, [111 F.3d 956 (D.C. 1997)], and [*United States v.] Rhodes*, [145 F.3d 1375 (D.C. Cir. 1998)] apply." *Blackson*, 709 F.3d at 42. Thus, consistent with Circuit precedent, the mandate directs this Court to consider whether the sentences imposed on the remaining counts are impacted by the vacatur of Stedman's § 1512(c)(2) conviction. If the Circuit's decision and vacatur of the § 1512 conviction affected the sentence, a resentencing is appropriate; if the vacatur had no impact on the sentence for the remaining counts, resentencing is not permitted.[1]

Resentencing is warranted here. "[A] criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent," and "a district court's original sentencing intent may be undermined by altering one portion of the calculus." *Blackson*, 709. F.3d at 41 (quoting *Pepper v. United States*, 562 U.S. 476, 507 (2011)). "[W]hen a defendant is found guilty on a multicount indictment, there is a *strong likelihood* that the district court will craft a disposition

---

[1] *United States v. Edmonds* is inapposite because the Circuit's remand order in that case made clear that resentencing on the count at issue was not needed. 933 F. Supp. 32, 34 (D.D.C. 1996) (no authority to resentence on Count 3 where Circuit found that sentence for Count 3 was "proper" and specifically remanded for resentencing on a different count).

in which the sentences on the various counts form part of an overall plan, and that if some counts are vacated, the judge should be free to review the efficacy of what remains in light of the original plan." *United States v. Townsend*, 178 F.3d 558, 567 (D.C. Cir. 1999) (emphasis added) (internal quotation marks omitted).

Here, Williams was convicted of five counts: 18 U.S.C. § 1512(c)(2), 18 U.S.C. § 1752(a)(1) and (a)(2), and 40 U.S.C. § 5104(e)(2)(D) and (E). The Court sentenced Williams to concurrent sentences of 60 months on the § 1512(c)(2) conviction, 12 months for each of his § 1752(a)(1) and (a)(2) convictions, and 6 months for each his convictions under 40 U.S.C. § 5104(e)(2)(D) and (G). At sentencing, the Court added, over Williams's objection, eight offense levels to the Sentencing Guidelines calculation on the § 1512(c)(2) count under U.S.S.G. § 2J1.2(b)(1)(B) because it found the offense involved causing or threatening physical injury to a person or property damage in order to obstruct the administration of justice, as well as three levels to the same count under § 2J1.2(b)(2) because the offense resulted in the substantial interference with the administration of justice, specifically the proceedings of Congress. Sentc'g Tr. 34-42, 50. The 60-month sentence was within the applicable Guidelines range, and the Court determined this was the appropriate sentence based on Williams's conduct and a careful analysis of the § 3553(a) factors. *Id.* at 73-93. The Court identified "[t]en different aspects of the defendant's history and his offense conduct" that supported a within-Guidelines sentence, including that on January 6, Williams had witnessed attacks on police, was among the first rioters in the building, and repeatedly "was an aggressive part of the mob that helped overrun . . . police officers"; that his social media posts prior to January 6 "included totally militaristic language" that the Court found "downright chilling"; and that Williams "dissembled" on the stand at trial during cross-examination. *Id.* at 87-91. This Court also reasoned that "[t]he importance of deterring future

malcontents from disrupting the peaceful transition of power after an election weighs very heavily in this Court's consideration of whether to give a guideline sentence and where within the guidelines that sentence should fall." *Id.* at 86-87. Moreover, the Court's analysis was not limited to the § 1512(c)(2) conviction, but rather, applied to "all five charges." *Id.* at 76.

The Court's analysis makes clear that, rather than serving as "just an additional Count that carried no independent weight," Williams's § 1512(c)(2) conviction was an integral part of the Court's sentencing plan. *Blackson*, 709 F.3d at 39. The concurrent 12- and 6-month sentences on the non-§1512(c)(2) counts—which were the statutory maximums, and significantly lower than the 48-month sentence this Court deemed appropriate in light of Williams's conduct underlying all charges—were not imposed "without a view towards the ultimate total." *United States v. Lassiter*, 1 F.4th 25, 29 (D.C. Cir. 2021). In fact, the concurrent nature of the sentences on the non-§1512(c)(2) counts was required in light of the sentence on the § 1512(c)(2) conviction. *See* U.S.S.G. § 5G1.2(c) (requiring sentences on multiple counts to run concurrently if, as was true here, "the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment"). Williams's concurrent sentences on the non-vacated counts were affected by, and intertwined with, his sentence on the § 1512(c)(2) conviction, and this Court should "review the efficacy of what remains in light of the original plan." *Townsend*, 178 F.3d at 567; *see also id.* at 569 ("[W]here the district court is sentencing outside the guidelines range, it is particularly important that the district court have discretion to reevaluate the entire sentencing package.") (citation omitted).[2]

---

[2] This case is distinguishable from cases where vacated convictions under 18 U.S.C. § 924(c) did not warrant resentencing. For example, in *United States v. Smith*, 467 F.3d 785 (D.C. Cir. 2006), the D.C. Circuit held "[t]he sentencing package doctrine . . . afford[ed] no apparent basis for any resentencing on the [remaining] counts" where the district court imposed "several concurrent life terms," and "only then, once the package [of the first group] was complete, did the court impose

*Second,* the United States agrees that the Circuit's mandate does not permit de novo resentencing. Indeed, "in this circuit the district court generally does not have authority to resentence a defendant de novo." *Blackson*, 709 F.3d at 40; *see also United States v. Hunter*, 809 F.3d 677, 681 (D.C. Cir. 2016) ("Barring our 'express instructions' to the contrary, the district court has limited authority at resentencing and may take into account only a narrow range of circumstances."). "Vacatur is one way a district court, on remand, can reconfigure a sentencing plan, but does not, by itself, "permit[ ] [the court] to reconsider issues that were not in any way related to this court's vacatur of the" count or enhancement. *Hunter*, 809 F.3d at 681 n.3 (cleaned up; quoting *Blackson*, 709 F.3d at 41). Thus, at a resentencing, the Court may consider only: (1) "'new arguments or new facts as are made newly relevant by [the Circuit's] decision—whether by the reasoning or by the result,'" (2) "'facts that did not exist at the time of the original sentencing,' including 'rehabilitation efforts that the defendant ha[s] undertaken since receiving [the] original sentence,'" (3) "'an issue raised belatedly' if it constitutes plain error," and (4) "'arguments not raised at the original sentencing when the argument's relevance to the sentence was contingent on a circumstance that did not materialize at the original sentencing but that did

---

the consecutive 30-year term under § 924(c)." *Id.* at 790. The Circuit explained that the life sentences and the 30-year term "were in no way interdependent, so the former is not 'unravel[ed]' by vacation of the latter." *Id.* (quoting and distinguishing *Townsend*, 178 F.3d at 562); *see also United States v. Johnson*, Nos. 98-71-1, -6 , 2023 WL 4234651, at *18-20 (D.D.C. June 28, 2023) (Howell, J.) (counts should not be treated as a package where, among other things, the sentences were imposed consecutively and in "segments"); *United States v. Smith*, 605 F. Supp. 3d 1, 26-27 (D.D.C. 2022) (Howell, J.) (sentences were independent where the convictions were grouped, the court imposed a life sentence for those grouped convictions, and court then imposed a separate, consecutive sentence for the § 924(c) convictions); *accord United States v. Ausby*, No. 72-cr-67, 2019 WL 2870232, at *6 (D.D.C. July 3, 2019) (Howell, J.) ("two sentences were . . . in no way interdependent" where "the presiding judge imposed a life sentence for Felony Murder, and once that was complete, further imposed a concurrent 10 to 30 year term for the Rape while Armed conviction"). Here, in contrast, the Court determined that the appropriate sentence for Williams's conduct was 60 months and fashioned the sentence on all counts accordingly.

come to pass by the time resentencing occurred, and where the defendant establishes good cause for not having raised the argument sooner.'" *Id.* at 681 (quoting *Blackson*, 709 F.3d at 40); *see also, e.g.*, *United States v. Miller*, 35 F.4th 807, 813, 815 (D.C. Cir. 2022) (affirming district court's application of upward variance at resentencing where Circuit did not "expressly forbid" consideration of "new arguments" on remand and question of upward variance was made "newly relevant" by prior appeal).

*Third, s*upplemental sentencing memoranda would be necessary to address a number of issues relevant to resentencing.[3] First, briefing is necessary to address how vacatur of Williams's § 1512(c)(2) conviction may have impacted the calculation of the Sentencing Guidelines range and the 18 U.S.C. § 3553(a) analysis, including the propriety of any departures or variances from a newly calculated range. Second, the parties should also be afforded the opportunity to address those facts and arguments that are permissible at resentencing under Circuit precedent, including: facts or arguments made newly relevant by the vacatur of the § 1512(c)(2) conviction, facts that did not exist at the time of the original sentencing, issues of plain error, and arguments not previously raised where the argument's relevance was contingent on circumstances that only materialized after the original sentencing and where there is good cause for not having raised it sooner. *See Hunter*, 809 F.3d at 681; *Blackson*, 709 F.3d at 40. Finally, it may be helpful to the Court to review sentencing memoranda that retain only the counts for which Williams will be resentenced. While this Court has previously opined – in the context of motions for release pending appeal – about the likely sentence in this and other cases, Williams now stands convicted of multiple misdemeanor offenses that are entirely devoid of context and prior findings, including the fact Williams was found to have exhibited a specific and corrupt intent to interfere with a

---

[3] A revised presentence investigation report may be necessary for the same reasons.

congressional proceeding at the core of the peaceful transfer of power in this nation. While the Court may ultimately disagree with the government's recommendation, resentencing with updated briefing and (possibly) updated guidelines may benefit the Court in reassessing how the sentence should be refashioned, including any updates regarding Williams's conduct, remorse, and acceptance while on release.

Respectfully Submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Isia Jasiewicz*
Monika (Isia) Jasiewicz
Assistant United States Attorney
D.C. Bar No. 102491
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 714-6446
isia.jasiewicz@usdoj.gov