UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

       Plaintiff,                              Crim. Action No. 21-377 (BAH)

v.

ANTHONY WILLIAMS,

       Defendant.

_____/

## ANTHONY WILLIAMS'S RESPONSE
## TO THE COURT'S MINUTE ORDER OF SEPTEMBER 26, 2024

Anthony Williams respectfully submits the following response to the three issues identified in the Court's September 26, 2024 Minute Order.

### I.    THE MANDATE FROM THE DISTRICT OF COLUMBIA CIRCUIT PERMITS, ON REMAND, RESENTENCING ON WILLIAMS'S NON-VACATED MISDEMEANOR CONVICTIONS.

The Court first asked "[w]hether the mandate from the D.C. Circuit permits, on remand, *de novo* resentencing on defendant's non-vacated misdemeanor convictions on Counts 2 through 5 of the Indictment." *See* Sept. 26, 2024 Min. Order. Williams submits that, rather than a *de novo* resentencing, the mandate permits resentencing consistent with the D.C. Circuit's rules regarding the scope of a district court's resentencing authority under a general remand order.

The D.C. Circuit has recognized that "[v]acatur is one way a district court, on remand, can reconfigure a sentencing plan, . . . but does not, by itself, 'permit[ ] [the court] to reconsider issues that were not in any way related to this court's vacatur of the' count or enhancement." *United States v. Hunter*, 809 F.3d 677, 681 n.3 (D.C. Cir. 2016) (citing *United States v. Blackson*, 709 F.3d 36, 41 (D.C. Cir. 2013)). Instead, the D.C. Circuit has certain "rules regarding the scope of a

1

district court's resentencing authority under a remand order that . . . contains no express instructions regarding which issues the district court may consider." *Blackson*, 709 F.3d at 40.

First, when the D.C. Circuit "vacates one count of a multi-count conviction, the district court on remand should begin by determining whether that count affected the overall sentence and, if so, should reconsider the original sentence it imposed." *Id.* Second, "the district court may also consider 'such new arguments or new facts as are made newly relevant by the court of appeals' decision—whether by the reasoning or by the result.'" *Id.* (citing *United States v. Whren*, 111 F.3d 956, 960 (D.C. Cir. 1997)). Third, "the district court is further authorized to consider facts that did not exist at the time of the original sentencing: for example, in *United States v. Rhodes* [the D.C. Circuit] held that the district court could consider rehabilitation efforts that the defendant had undertaken since receiving his original sentence." *Id.* (citing *Rhodes*, 145 F.3d 1375, 1377-78 (D.C. Cir. 1998)).

Here, the D.C. Circuit ordered that Williams's "conviction under 18 U.S.C. § 1512(c)(2) be vacated and the case be remanded *for further proceedings*." D.E. 154-1 (emphasis added). Consistent with the above precedent, although the mandate did not provide "express instructions" for resentencing, this Court still has resentencing authority, in accordance with the foregoing rules, under the remand order. *See Blackson*, 709 F.3d at 38-39, 44 (concluding that the district court did not exceed its authority by conducting resentencing consistent with the above-detailed rules, where the panel's remand order stated, in relevant part, "We vacate Blackson's judgment on Count 31 and remand to the district court *for further proceedings* consistent with this opinion").

Specifically, during the "further proceedings" on remand, this Court should "determin[e] whether [Count One] affected the overall sentence and, if so, should reconsider the original sentence it imposed." *See id.* at 40. Because Count One affected Williams's overall sentence, the

Court is required to reconsider its original sentence. As this Court acknowledged in releasing Williams on bond pending appeal, if Williams's conviction under § 1512(c)(2) were vacated, he would receive a "likely reduced sentence," because "[w]hile possible, imposing consecutive sentences on all four misdemeanors, as the government proposes, would be a departure from both default practice under federal law, and the position adopted by this Court at defendant's sentencing in the instant case, where the government did not seek consecutive terms of imprisonment, resulting in an order to concurrent terms of imprisonment on all Counts." D.E. 153 at 9-10 (citations omitted). This Court "may also consider 'such new arguments or new facts as are made newly relevant by the court of appeals' decision—whether by the reasoning or by the result.'" *See Blackson*, 709 F.3d at 40 (citing *Whren*, 111 F.3d at 960). Finally, this Court may "consider facts that did not exist at the time of the original sentencing," such as the significant rehabilitation efforts Williams has undertaken since receiving his original sentence. *See id.*

For all of these reasons, a resentencing consistent with D.C. Circuit precedent does not deviate from the mandate in this case or run afoul of the mandate rule.

## II. MERELY AMENDING THE JUDGMENT TO REFLECT THE VACATUR OF WILLIAMS'S CONVICTION ON COUNT ONE, WITH ASSOCIATED ADJUSTMENT IN HIS TERM OF INCARCERATION AND SUPERVISED RELEASE, WOULD NOT COMPLY WITH THE DISTRICT OF COLUMBIA CIRCUIT'S MANDATE.

Although the D.C. Circuit's mandate does not instruct this Court to conduct a *de novo* resentencing, the instruction to vacate Williams's conviction on Count One and conduct "further proceedings" on remand does require the Court to conduct resentencing consistent with the guidance set forth in *Blackson* and related precedent. In other words, this Court is still required to reconsider its original sentence, taking into account new arguments made relevant by the D.C. Circuit's decision as well as facts that did not exist at the time of the original sentencing. *See*

3

*Blackson*, 709 F.3d at 40. Accordingly, merely amending the Judgment to reflect the vacatur of Williams's conviction on Count One, with associated adjustment in his term of incarceration and supervised release, would not comply with the D.C. Circuit's mandate.

### III.    A NEW SENTENCING FALLS WITHIN THE SCOPE OF THE DISTRICT OF COLUMBIA CIRCUIT'S MANDATE AND IS NECESSARY TO DETERMINE THE PROPER SENTENCE FOR WILLIAMS'S REMAINING CONVICTIONS.

Williams submits that a sentence of time served for his remaining misdemeanor convictions is sufficient but not greater than necessary to achieve the goals of sentencing.

#### A.    Procedural Background

Williams faced a maximum sentence of twenty years on Count One; twelve months per count on Counts Two and Three; and six months per count on Counts Four and Five. On September 16, 2022, this Court sentenced Williams to 60 months' imprisonment followed by 36 months' supervised release, after his conviction by jury on five counts, including one felony conviction for obstruction of an official proceeding under 18 U.S.C. § 1512(c)(2), and four misdemeanors. Williams self-surrendered to the Bureau of Prisons on October 18, 2022, after being free on pretrial release for over 18 months.

While his appeal was pending, Williams moved for release pending appeal in light of the Supreme Court's grant of certiorari in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), *cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023). In granting the motion, the Court noted that Williams had "served over 17 months' imprisonment, which may be more than the amount of time to which he likely would be sentenced, absent the Section 1512(c)(2) conviction in Count One." D.E. 153 at 10. The Court also acknowledged Williams's argument that he had served approximately 20 months with good time credits taken into account. *Id.* at 9. Williams also notes that he received additional time off through the "earned time credit" program established

under the First Step Act. That program allows prisoners to further reduce their sentences by participating in "recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i)). Because he participated in recidivism reduction programming and/or productive activities, Williams earned approximately six months off in addition to his good time credit. Thus, with earned time credit and good time combined, Williams has reduced his sentence by 15 months (he surrendered October 18, 2022, and his release date was July 20, 2026, representing 45 months of expected prison time based on this Court's 60-month sentence).

**B.      Argument**

In deciding to release Williams pending his appeal, the Court found, by clear and convincing evidence, that Williams was not likely to flee or pose a danger to any other person or the community. D.E. 153 at 5. The Court noted that "[p]rior to self-surrendering, defendant lived with and acted as primary caregiver for his mother, who suffers from a chronic disease and mobility issues," and that he would resume that role if released. *Id.* at 5-6. Indeed, Williams is now living with his mother and caring for her. He works and helps cover her expenses. He remains in compliance with the terms of his bond.

Williams served more than 17 months in BOP custody—more than the statutory maximum for any of his individual misdemeanor convictions. And he earned an additional three months of good time credit, and six months of time credits from his participation in recidivism reduction programming and productive activities. That totals 26 months of prison credit, only 4 months short of the absolute statutory maximum of 30 months this Court could give him if it stacked all three misdemeanor sentences consecutive to each other—a result this Court has already suggested may be inappropriate. *See* D.E. 153 at 9. Additionally, while Williams's appeal was pending, his guidelines for the now-vacated felony offense decreased from the guidelines applicable at

sentencing, as explained in his motion for release.  Finally, new facts that did not exist at the time of the original sentencing—namely, Williams' productive and compliant behavior in the ensuing 25 months of pre-commitment release, imprisonment, and release pending appeal—militate in favor of a sentence well below the statutory maximum.

Williams offered to plead guilty to the misdemeanor offenses. The government declined to let go of the felony obstruction charge. All in all, Williams has served more than enough time and suffered sufficient consequences to accomplish the goals of sentencing and to pay the price to society for his conduct.

## CONCLUSION

Williams respectfully submits that the mandate from the D.C. Circuit permits, on remand, resentencing on Williams's non-vacated misdemeanor convictions on Counts Two through Five of the Indictment. For the reasons outlined above, and such others as may be presented at the further proceedings regarding resentencing, Williams respectfully requests that the Court impose a sentence of time served.

Respectfully submitted,

/s/ Benton C. Martin
/s/ Jean Pierre Nogues
Federal Community Defender
Eastern District of Michigan
613 Abbott St., Suite 500
Detroit, Michigan 48226
Telephone: (313) 967-5542
Email: Benton_Martin@fd.org | Jean_Nogues@fd.org

Date: October 18, 2024